**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| FLASH UPLINK LLC, | ) | Case No. 7:26-cv-00401 |
| Plaintiff, | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| RAPID7, INC., | ) | |
| Defendant. | ) | |

**<u>COMPLAINT FOR PATENT INFRINGEMENT</u>**

Plaintiff Flash Uplink LLC ("Flash Uplink" or "Plaintiff") files this original Complaint against Defendant Rapid7, Inc. ("Rapid7" or "Defendant") for patent infringement under 35 U.S.C. § 271 and alleges as follows:

**<u>THE PARTIES</u>**

1. Flash Uplink LLC is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 313 S. Washington Avenue, Marshall, Texas 75670.

2. Rapid7, Inc. is a corporation organized and existing under the laws of the State of Delaware, with an office at 401 Congress Avenue, Suite 1900, Austin, TX 78701. Rapid7 makes, uses, sells, and offers to sell the Accused Products (see paragraph 10), including throughout the United States and within the State of Texas and the Western District of Texas in particular.

**<u>JURISDICTION AND VENUE</u>**

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, et seq. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 1367.

4. This Court has specific and personal jurisdiction over Rapid7 consistent with the requirements of the Due Process Clause of the United States Constitution and the Texas Long Arm Statute. Rapid7 has sufficient minimum contacts with the forum because Rapid7 transacts substantial business in the State of Texas and in this Judicial District. Further, Rapid7 has, committed and continues to commit acts of patent infringement in the State of Texas and in this Judicial District and elsewhere throughout the United States, as alleged in this Complaint. The Accused Products are available for purchase in this Judicial District.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1400(b) because Rapid7 has committed acts of infringement in this Judicial District and has a regular and established place of business in this Judicial District. Rapid7 maintains an office at 401 Congress Avenue, Suite 1900, Austin, TX 78701, within the Western District of Texas. Rapid7 makes, uses, sells, and/or offers to sell the Accused Products within this Judicial District, as alleged herein.

**PATENT-IN-SUIT**

6. On July 24, 2012, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 8,230,497 B2 entitled "Method of Identifying Software Vulnerabilities on a Computer System" ("the '497 Patent").

7. Flash Uplink is the sole and exclusive owner of all right, title and interest in the '497 Patent and holds the exclusive right to take all actions necessary to enforce its rights to the '497 Patent, including the filing of this patent infringement lawsuit. Flash Uplink also has the right to recover all damages for past, present, and future infringement of the '497 Patent and to seek injunctive relief as appropriate under the law.

8. Flash Uplink has at all times complied with the marking provisions of 35 U.S.C. § 287 with respect to the '497 Patent. On information and belief, any prior assignees and licensees have also complied with the marking provisions of 35 U.S.C. § 287.

## FACTUAL ALLEGATIONS

9. The technologies described in the ’497 Patent were developed by Andrew Patrick Norman, John Melvin Brawn, John P. Scrimsher, and Jonathan Griffin and relate generally to identifying software vulnerabilities on a computer system. In one embodiment, the ’497 Patent teaches selecting one or more computer systems to be scanned, applying an interrogation program capable of exploiting a known software vulnerability to software stored on a selected computer system, and, when a vulnerability is exploited, generating management information identifying at least the computer system on which the vulnerability was exploited.

10. Rapid7 has infringed and continues to infringe the ’497 Patent by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import infringing products, including Rapid7’s security products, software and services, including, but not limited to, one or more of Metasploit Pro and Metasploit Framework, together with their exploit, auxiliary, post-exploitation, MetaModule, task-chain, reporting and remediation functions (including, but not limited to, the AD CS Workflows MetaModule, the DOUBLEPULSAR SMB and RDP modules, and the WDigest credential caching module); the Rapid7 Agent; InsightIDR; InsightVM; InsightConnect; InsightAppSec; Exposure Command, including Active Patching; Remediation Hub; Rapid7 Managed Detection and Response services; and their integrations with third-party products, including, but not limited to, BigFix, SCCM, Automox, Carbon Black, PAN-OS, Cisco FirePower, Cisco ISE and Trend Micro Deep Security, as well as all predecessor, successor, and related versions, editions and releases (collectively, the “Rapid7 System” or “Accused Products”).

## COUNT I
**(Infringement of the ’497 Patent)**

11. Paragraphs 1 through 10 are incorporated by reference as if fully set forth herein.

12. Flash Uplink has not licensed or otherwise authorized Rapid7 to make, use, offer for sale, sell, or import any products that embody the inventions of the ’497 Patent.

13. Rapid7 has and continues to directly and/or indirectly infringe one or more claims of the ’497 Patent, including without limitation, claim 1 of the ’497 Patent.

14. Rapid7 has and continues to directly infringe the ’497 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the ’497 Patent.

15. Rapid7 has and continues to indirectly infringe one or more claims of the ’497 Patent by knowingly and intentionally inducing others, including but not limited to, Rapid7’s customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that infringe one or more claims of the ’497 Patent.

16. Rapid7 indirectly infringes one or more claims of the ’497 Patent, as provided by 35 U.S.C. § 271(b), by inducing infringement of others, such as Rapid7’s customers and end-users, in this Judicial District and elsewhere in the United States. For example, Rapid7’s customers and end-users directly infringe, either literally or under the doctrine of equivalents, through their practice and use of the inventions claimed in the ’497 Patent. Rapid7 induces this direct infringement at least via its affirmative acts of manufacturing, selling, distributing, and/or otherwise making available the Accused Products, and providing instructions, documentation, and other information to customers and end-users urging them to use the Accused Products in an infringing manner, including technical support, marketing, product manuals, advertisements, and online documentation. Because of Rapid7’s inducement, Rapid7’s customers and end-users use Accused Products and directly infringe the ’497 Patent in a way Rapid7 intends. Upon information

and belief, Rapid7 performs these affirmative acts with knowledge of the ’497 Patent (at least as of the date of this Complaint) and with the intent, or willful blindness, that the induced acts directly infringe the ’497 Patent.

17. Rapid7 indirectly infringes one or more claims of the ’497 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this Judicial District and elsewhere in the United States. Rapid7’s affirmative acts of selling and offering to sell the Accused Products in this Judicial District and elsewhere in the United States and causing the Accused Products to be manufactured, used, sold and offered for sale contribute to others’ use and manufacture of the Accused Products, such that the ’497 Patent is directly infringed by others. The accused components within the Accused Products are material to the inventions of the ’497 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Rapid7 to be especially made or adapted for use in the infringement of the ’497 Patent. Rapid7 performs these affirmative acts with knowledge of the ’497 Patent (at least as of the date of this Complaint) and with intent, or willful blindness, that it causes the direct infringement of the ’497 Patent.

18. A preliminary chart mapping the elements of claim 1 of the ’497 Patent to an Accused Product is attached hereto as Exhibit A.

19. Flash Uplink has suffered damages as a result of Rapid7’s direct and indirect infringement of the ’497 Patent and is entitled to an award of monetary damages in an amount not less than a reasonable royalty, the precise amount to be proved at trial.

20. Flash Uplink has suffered, and will continue to suffer, irreparable harm as a result of Rapid7’s infringement of the ’497 Patent, for which there is no adequate remedy at law, unless Rapid7’s infringement is enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Flash Uplink prays for relief against Rapid7 as follows:

a. Entry of judgment declaring that Rapid7 has directly and/or indirectly infringed one or more claims of the ’497 Patent;

b. Entry of judgment declaring that Rapid7’s infringement of the ’497 Patent is willful;

c. An order awarding damages sufficient to compensate Flash Uplink for Rapid7’s infringement of the ’497 Patent, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest and costs;

d. An order pursuant to 35 U.S.C. § 283 permanently enjoining Rapid7, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it, from further acts of infringement of the ’497 Patent;

e. Entry of judgment declaring that this case is exceptional and awarding Flash Uplink its costs and reasonable attorneys’ fees under 35 U.S.C. § 285;

f. An accounting for acts of infringement;

g. Such other equitable relief which may be requested and to which Flash Uplink is entitled; and

h. Such other and further relief as the Court deems just and proper.

Dated: October 2, 2026

Respectfully submitted,

*/s/ Bryan N. DeMatteo*
Bryan N. DeMatteo
NY Bar No. 4021267
Email: bryan@demfirm.com
**DEMATTEO LAW LLC**
11028 Harbor Bay Drive
Fishers, IN 46040
Phone: 516-816-1571
Fax: 732-301-9202

*Attorney for Plaintiff,*
*Flash Uplink LLC*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service.

/s/ Bryan N. DeMatteo